**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KERRY GILLON,<br><br>Plaintiff,<br><br>v.<br><br>RECHOV TIDHAR, LLC, *et al.*,<br><br>Defendants. | Civil Action No. 26-06909 (GC) (JTQ)<br><br>**MEMORANDUM OPINION** |

**CASTNER, District Judge**

**THIS MATTER** comes before the Court upon *pro se* Plaintiff Kerry Gillon's Motion for a Temporary Restraining Order (TRO) pursuant to Federal Rule of Civil Procedure (Rule) 65. (ECF No. 3.) Defendants Rechov Tidhar, LLC (Rechov), Millennium Information Services, Inc. (Millennium), Michael D. Mirne, Esq. and Law Office of Michael D. Mirne, LLC (the Mirne Defendants), Kiavi Funding Inc. (Kiavi), and Kessler and Kessler Law Firm, David Kessler, Esq., Adam Kessler, Esq., and Michelle Conroy, Esq., (the Kessler Defendants) opposed,[1] (ECF Nos. 22, 27, 36, 38, 40), and Plaintiff replied, (ECF Nos. 34, 46, 47, 49, 50)[2]; and

[1] Defendants Yehuda Neustadt, Keller Williams Shore Properties, and Keller Williams Realty have neither appeared nor filed an opposition in this matter. Defendant Johnson & Johnson, Inc. has appeared and moves to dismiss Plaintiff's Complaint, (ECF No. 45), but has not opposed Plaintiff's Motion for a TRO.

[2] Plaintiff's reply briefs responding to Millennium, (ECF No. 47), the Mirne Defendants, (ECF No. 49), and Kiavi, (ECF No. 50), were filed after the Court-ordered briefing deadline, (ECF No. 21). However, in light of Plaintiff's *pro se* status, the Court will accept and consider these untimely reply briefs. *See, e.g.*, *Niculcea v. Stone Ridge Towne Ctr.*, Civ. No. 17-2096, 2020 WL 6800448, at *1 n.2 (M.D. Pa. Nov. 19, 2020) ("Mindful of [the plaintiff's] *pro se* status, the court will accept the late-filed brief and consider the arguments raised therein.").

**WHEREAS** this case arises from events surrounding an eviction which took place in 2025. Plaintiff is a former resident of a real property owned by her relative located in Jackson, New Jersey, which was foreclosed upon and is now owned by Rechov.[3] (ECF No. 22 at 6.)[4] Plaintiff filed a motion in the foreclosure proceeding before the New Jersey Superior Court, Chancery Division, seeking protections as an alleged tenant of the property, which the Chancery Division denied. (*See id.* at 6-8.) Rechov took possession of the property on or around September 5, 2025 and some of Plaintiff's belongings remained inside. (*Id.* at 8); and

**WHEREAS** after taking possession of the real property, Rechov contends that it attempted to but could not successfully schedule times for Plaintiff to recover her belongings. (*Id.*) Plaintiff subsequently filed a complaint in the Superior Court of New Jersey, Monmouth County and sought recovery of her belongings. (*Id.* at 8-13.) In that complaint, Plaintiff brought claims for "unlawful eviction, wrongful detention and conversion of personal property, harassment, intentional infliction of emotional distress, violations of the N[ew] J[ersey] Anti-Eviction Act, violations of the Americans with Disabilities Act, violations of consumer protection laws, and violations of Plaintiff's civil rights." (*Id.* at 8); and

**WHEREAS** on March 27, 2026, the Superior Court granted a motion by Rechov to dismiss Plaintiff's state court complaint with prejudice. (*Id.* at 12.) When dismissing the case, the Superior Court also ordered that Plaintiff "may obtain her personal identification documents and any medical equipment Defendant Rechov Tidhar, LLC may still possess, on March 31, 2026 at

---

3 The Court relies on Rechov's opposition brief for these facts because, as explained *infra*, Plaintiff's submissions do not contain sufficient factual detail to allow the Court to understand the events giving rise to the instant motion. (*See* ECF No. 1.)

4 Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

1:30 p.m. at Extra Space Storage . . . Pickup includes only personal papers and medical equipment. The parties are free to enter into an agreement with reference to other personal property, but other personal property is not covered by this order." (ECF No. 22-14 at 3.) Rechov represents that Plaintiff did not appear at the designated time and place to retrieve her belongings (ECF No. 22 at 12); and

**WHEREAS** Plaintiff's Complaint in this matter seeks recovery of her belongings, which seem to include the identification documents and medical equipment addressed in the state court order as well "military records, family heirlooms, and essential belongings," which were not covered by that order. (ECF No. 1 at 1; *see also* ECF No. 22-14 at 3.) The Complaint broadly asserts claims under "the Fair Housing Act [FHA], the Americans with Disabilities Act [ADA], and Federal Identity Document Statutes" and Plaintiff specifically brings claims for "unlawful retention and disappearance of federal and state identity documents," disability discrimination under the ADA and FHA, and conversion and civil conspiracy.[5] (ECF No. 1 at 1.) In particular, Plaintiff alleges that Defendants unlawfully retained Plaintiff's personal property "for more than nine months, used those belongings to stage and market the [real] property, and selectively offered to return 'some items' only after litigation." (*Id.*); and

**WHEREAS** Plaintiff's Motion for a TRO seeks entry of an order requiring Defendants to: "[1] Immediately return all government-issued identification documents. [2] Immediately return all medically necessary equipment/devices. [3] Immediately return all military records, legal documents, and medical records/scans. [4] Immediately return all personal property, including cremation remains and heirlooms. [5] Cease, concealing, transferring, or altering any of Plaintiff's

---

[5] The Court has subject matter jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C § 1367.

belongings. [6] Provide a written inventory within 48 hours identifying all items in: their possession and their current location." (ECF No. 3 at 5); and

**WHEREAS** Defendants oppose Plaintiff's Motion. Rechov argues that the Motion must be denied as it "is nothing more than a repeat of the same issues already litigated on the merits in both the New Jersey Superior Court, Chancery Division and Law Division" and is barred by *res judicata*. (ECF No. 22 at 5, 17.) Rechov contends that Plaintiff cannot demonstrate either a likelihood of success on the merits of her claims or that irreparable harm will occur if relief is not granted, Plaintiff's requested relief will cause Rechov harm, and granting Plaintiff's TRO does not serve any public interest. (*Id.* at 15-17.) The Mirne and Kessler Defendants, as well as Defendants Millennium and Kiavi, adopt and supplement Rechov's arguments and argue that because Plaintiff identifies no property held by any Defendant other than Rechov, the TRO must be denied as to the remaining Defendants. (ECF No. 36 at 4 (Mirne Defendants); ECF No. 40 at 2 (Kessler Defendants); ECF No. 27 at 4 (Millennium); ECF No. 38-6 at 2 (Kiavi)); and

**WHEREAS** in response to Rechov, Plaintiff argues that she does not seek to reopen the underlying foreclosure or disturb the state court proceedings. (ECF No. 34 at 1.) Instead, she contends that Rechov admitted in the state court proceedings that the personal property remaining at the real property belonged to Plaintiff, inventoried Plaintiff's belongings, and represented it would safeguard the property for her; as such, it must now return her personal property. (*Id.* at 1-3.) In response to the other Defendants' arguments that they do not possess Plaintiff's personal property and the TRO must be denied for that reason, Plaintiff argues that although the other Defendants may lack possession, the Court can and should still order injunctive relief regarding documentation Defendants may have regarding the custody and disposition of Plaintiff's personal property. (ECF No. 46 at 3, 8-9 (reply to Kessler Defendants)); ECF No. 47 at 2, 6-7 (reply to

Millennium); ECF No. 49 at 8-11 (reply to Mirne Defendants); ECF No. 50 at 1, 4, 6, 8-9 (reply to Kiavi)); and

**WHEREAS** Rule 8 sets the forth general rules governing pleadings and requires that those pleadings contain (1) "a short and plain statement of the grounds for the court's jurisdiction," (2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) allegations that are "simple, concise, and direct." Fed. R. Civ. P. 8(a)(1), (a)(2), (d)(1). The allegations in the complaint must not be "so undeveloped that [they do] not provide a defendant the type of notice of claim which is contemplated by Rule 8." *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008). Even *pro se* litigants must "comply with the basic pleading requirements of Rule 8(a)." *Purisima v. City of Philadelphia*, 738 F. App'x 106, 107 (3d Cir. 2018); and

**WHEREAS** "[a] plaintiff is not entitled to injunctive relief when the complaint fails to state a claim." *Fatir v. Johns*, Civ. No. 23-370, 2026 WL 2280030, at *2 n.4 (D. Del. Aug. 7, 2026); and

**WHEREAS** "[p]reliminary injunctive relief, in the form of a temporary restraining order or a preliminary injunction is an 'extraordinary remedy' and 'should be granted only in limited circumstances.'" *Kongtcheu v. Secaucus Healthcare Ctr., LLC*, Civ. No. 13-1856, 2014 WL 2436048, at *2 (D.N.J. May 30, 2014) (quoting *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004)). To secure such extraordinary relief, the movant must establish that (1) she is reasonably likely to succeed on the merits, (2) she is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in the movant's favor, and (4) injunctive relief is in the public interest. *See HR Staffing Consultants, LLC v. Butts*, Civ. No. 15-3155, 2015 WL 3492609, at *7 (D.N.J. June 2, 2015) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7,

20 (2008)). The first and second elements are considered "threshold" factors; absent either, the Court cannot issue injunctive relief. *Mallet & Co. v. Lacayo*, 16 F.4th 364, 380 (3d Cir. 2021); and

**WHEREAS** "to establish a likelihood of success, a plaintiff must show that there is a reasonable chance, or probability, of winning." *Id.* (citation modified). While this does not require a "'more-likely-than-not showing of success on the merits[,]' . . . it does require the plaintiff to 'demonstrate that it *can* win on the merits,' which involves a showing that its chances of establishing each of the elements of the claim are 'significantly better than negligible.'" *Id.* (emphasis in original) (quoting *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 & n.3 (3d Cir. 2017)); and

**WHEREAS** as a preliminary matter, Plaintiff's Complaint, (ECF No. 1), fails to state a claim. "Though pro se plaintiffs need not refer to the applicable law by name, their pleadings must contain an adequate factual basis from which the [c]ourt can discern the nature and sufficiency of the claim." *Jordan v. Bates*, Civ. No. 21-16120, 2022 WL 2619853, at *2 (D.N.J. July 7, 2022). Plaintiff first cites to the FHA, ADA, and "Federal Identity Document Statutes" as forming the basis of her claims, (ECF No. 1 at 1), but the allegations in the Complaint do not enable the Court to discern the nature of those claims. While claims of disability discrimination under the FHA and ADA can be brought under multiple theories, each with different elements; it is unclear from the Complaint which theories of discrimination Plaintiff intends to pursue. *Korman v. Settlers Hosp. Grp., LLC*, Civ. No. 22-1579, 2024 WL 5430600, at *4 (M.D. Pa. Mar. 5, 2024), *report and recommendation adopted,* 2025 WL 608628 (M.D. Pa. Feb. 25, 2025) ("[T]here are several different theories of discrimination liability under the ADA, including disparate treatment, disparate impact, and failure to accommodate."); *Dr. Gertrude A. Barber Ctr., Inc. v. Peters Twp.*, 273 F. Supp. 2d 643, 652 (W.D. Pa. 2003) ("Unlawful discriminatory housing practices in violation

of the FHA may be brought under three distinct legal theories: failure to reasonably accommodate the housing needs of persons with disabilities, disparate impact, and disparate treatment."). Additionally, the basis of Plaintiff's claim under the "Federal Identity Document Statutes" is unclear; and

**WHEREAS** Plaintiff does clearly identify that she is bringing state claims of conversion and civil conspiracy under New Jersey law. (ECF No. 1 at 1.) However, because Plaintiff fails to state any federal claim over which this Court has original jurisdiction, the Court declines to exercise supplemental jurisdiction over any potential state law claims. *See Obuskovic v. Wood*, 761 F. App'x 144, 148-49 (3d Cir. 2019); *Rashid v. United States*, Civ. No. 20-5947, 2020 WL 4463215, at *3 (D.N.J. Aug. 4, 2020) ("Plaintiff has failed to state a federal claim; therefore, the Court declines to exercise[] supplemental jurisdiction over his state law claims."); and

**WHEREAS** it is well-established that a plaintiff "cannot simply list his causes of action, attach exhibits, and expect the [c]ourt and [the d]efendant to determine the bases for each." *Harris v. U.S. Postal Serv.*, Civ. No. 16-6474, 2018 WL 2234654, at *2 (D.N.J. May 16, 2018). While Plaintiff attaches seven exhibits to her Complaint, (ECF No. 1-3), as well as a "Certification of Irreparable Harm,"[6] (ECF No. 1-4), Plaintiff does not reference those exhibits within her Complaint nor offer explanation as to the facts to be gleaned from those exhibits. Even considering the leniency afforded to *pro se* litigants, courts have held that "[w]hile a court may consider exhibits attached to a complaint, merely attaching exhibits is insufficient to meet the requirement that a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Berkery v. Credit Collection Servs.*, Civ. No. 21-3809, 2021 WL

6 The Court also notes that this certification largely focuses on the harms Plaintiff allegedly suffered after Defendants' purported wrongs, rather than the basis for those alleged wrongs. (*See* ECF No. 1-4.)

4060454, at *2 (E.D. Pa. Sept. 7, 2021) (holding *pro se* plaintiff's "one-sentence allegation" and attachment of exhibits to his complaint did not "provide a narrative to describe what [the plaintiff] is alleging [the defendant] did that violated the [statute]" and thus did not plausibly state a claim); *see also Harris*, 2018 WL 2234654, at *2 (considering complaint filed by *pro se* litigant and concluding that "[a]lthough attaching exhibits to a complaint is permissible, an exhibit is not a complaint and it is not proper to simply refer the [c]ourt to exhibits without more."); *Mickens v. Clark*, Civ. No. 24-00190, 2025 WL 976701, at *1 n.3 (M.D. Pa. Mar. 31, 2025) ("[The plaintiff] is advised that attaching . . . documents to his complaint is not a substitute for factual allegations. It is incumbent upon him, even while proceeding pro se, to include sufficiently specific allegations in his complaint."); and

**WHEREAS** a motion for a TRO or preliminary injunction "cannot amend the complaint to cure that deficiency." *Fatir*, 2026 WL 2280030, at *2 n.4. As such, the limited factual allegations in Plaintiff's Motion, (*see* ECF No. 3 at 3-4), cannot remedy the deficiencies arising from the omission of factual allegations from her pleading; and

**WHEREAS** because Plaintiff has not stated any federal claim in her Complaint and the Court declines to exercises supplemental jurisdiction over her state law claims, her Motion for a TRO must be denied as she cannot establish a reasonable likelihood of success on the merits of her claims. *See id.* at *2 & n.4 (denying the *pro se* plaintiff's motion for a TRO/preliminary injunction where the plaintiff's request for injunctive relief was not based on allegations in the complaint); *Jacques v. Mae*, Civ. No. 22-2806, 2023 WL 6164576, at *4 (D.N.J. Mar. 2, 2023) (denying motion for preliminary injunction when "[the p]laintiff has failed to state a cause of action in the Amended Complaint, [so] he has not provided the [c]ourt with a basis for granting injunctive relief"); *Gray v. Powell*, Civ. No. 21-970, 2021 WL 406638, at *2 (D.N.J. Feb. 4, 2021) ("Where

all claims in the complaint are dismissed for failure to state a claim, the plaintiff has not alleged sufficient facts to show that he is likely to succeed on the merits, as required for a TRO or preliminary injunction."). Absent satisfaction of the "threshold factor," likelihood of success, the Court cannot grant a TRO. *Mallet*, 16 F.4th at 380; and

**WHEREAS** the Court need not proceed to consider the parties' outstanding arguments regarding *res judicata*, the lack of injunctive relief available for certain Defendants, or irreparable harm; and

**WHEREAS** "[t]he District Court has the power to dismiss claims *sua sponte* under Rule 12(b)(6)." *Bintliff-Ritchie v. Am. Reinsurance Co.*, 285 F. App'x 940, 943 (3d Cir. 2008); *Owens v. Credit Suisse Sec. (USA) LLC*, Civ. No. 15-1485, 2015 WL 6175441, at *3 (D.N.J. Oct. 20, 2015) ("This Court may 'sua sponte dismiss a complaint for failure to comply with Rule 8.'" (quoting *Muhammad v. U.S. Bd. of Governors Postal Sys.*, 574 Fed. App'x. 74, 74 (3d Cir. 2014))). Dismissal is appropriate where a complaint "is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Muhammad*, 574 F. App'x at 74 (citation modified); and

**WHEREAS** Plaintiff's Complaint does not comply with Rule 8. It is ambiguous and unintelligible as it does not allege any federal claims in sufficient detail. "Although this court is sensitive to the challenges a *pro se* litigant faces, the court cannot expect the defendant to defend against claims that are not clearly and specifically alleged." *Harris*, 2018 WL 2234654, at *2 (citation modified). As such, Plaintiff's Complaint is dismissed without prejudice. To the extent that Plaintiff can remedy the defects identified herein, she is granted leave to file an Amended Complaint.

**WHEREAS** for the foregoing reasons, and other good cause shown, Plaintiff's Motion for a TRO, (ECF No. 3), is **DENIED** and Plaintiff's Complaint, (ECF No. 1), is **DISMISSED** without prejudice. An appropriate Order follows.

Dated: August 31, 2026

**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**